Leonard J. Supple, J.
This action is the consolidation of two actions and is brought by all the plaintiffs against the defendants Alfred J. Ellish and Ellfur Realty Corporation and by the plaintiffs Goodman, Goldman and Silverstein also against the Fanley Woods Association. Motions were made at the opening of the trial for permission to amend the title and the demand for relief and the complaint generally, to make this a representative action. Decision was reserved on those motions and they are now granted. Motions were made at the close of the plaintiffs’ case to dismiss and they are now denied.
The realty corporation is the owner of about 55 acres of land in the town of Ramapo, Rockland County, shown on map No. 1967 filed in the Rockland County Clerk’s office July 17, 1945, and in evidence as plaintiffs’ Exhibit No. 1. The defendant realty corporation is also the owner of adjoining lands approximating 80 or 81 acres which were purchased subsequent to the purchase of the 55 acres and are not shown on the filed map.
The defendant realty corporation has been engaged since it acquired the property in a long-range development program pursuant to which it built dwellings on lots of its development and sold them to the public. The plaintiffs are buyers of dwellings in the development from the defendant realty corporation.
On the map No. 1967 filed by the defendant realty corporation, there is an unsubdivided area which is designated ' ‘ lake. ’ ’ This lake area occupies about 20 acres. It is not clear from the evidence whether the lake is entirely artificial or the artificial enlargement of a smaller, natural body of water, but it is clear that to continue it in its present condition, money must necessarily be spent from time to time for its maintenance and upkeep.
From in and about the year 1942 and down through at least 1951, the defendant realty corporation erected upon the realty at various points signs advertising that the lake was a private lake for the use of residents of the community only. These billboards or signs fairly indicated that community meant the community defendant realty corporation was engaged in creating. One read ‘ ‘ Lake on property. Fishing, boating and bathing for residents only.” Another read “ Fanley Woods Residential Community featuring a private lake and landscaped woodland.” A third read “ Private lake for residents of the community only.” The defendant realty corporation had letterhead and business cards which had printed thereon “Fanley Woods featuring private lake.”
*770 From 1949 through 1951, the defendant realty corporation advertised the development in newspapers and referred to the lake, thus, “ 20 acres pri. lake on prop, for residents’ use only. Fishing — boating — bathing ”, “ private lake on property for use of residents only ”, and “ private lake on property.” There is also evidence of similar but more specific oral representations made to the various plaintiffs and to others similarly situated at the times they purchased their property.
There is the further undisputed fact that for some years beginning late in the last decade and continuing on into this decade, unrestricted use of the lake was made by these plaintiffs. During some of this time, first a membership corporation, then the defendant, Fanley Woods Association, collected a fee in varying amounts from the users of the lake for its maintenance. Finally, dissension arose and the defendant realty corporation excluded or has attempted to exclude the plaintiffs from the use of the lake.
The conveyances by reference to map No. 1967 to the plaintiffs and others similarly situated included, appurtenant to the titles conveyed, an implied easement to use the lake, and the area surrounding it used therewith, for boating, fishing and bathing. This implied easement, appurtenant to the titles of the lots, was raised by the description of the lots in the deeds by reference to the map showing the lake, by the defendant’s advertising display; both in newspapers and by billboard and signs on the property, and in some instances, by oral representations. (Weil v. Atlantic Beach Holding Corp., 1 N Y 2d 20; Wilkinson v. Nassau Shores, 1 Misc 2d 917, affd. 278 App. Div. 970, mod. 304 N. Y. 614.)
The oral representations and advertising, coupled with the reference to the map in the deeds, raised an implied covenant on the part of the defendant corporation to subject the lake area, to which it retained title, to the restriction that none but lot owners in the Fanley Woods Development would be permitted to use the lake for boating, fishing and bathing. (Phillips v. West Rockaway Land Co., 226 N. Y. 507.)
The defendant cannot, of course, be required to maintain this artificial lake or to operate a bathing beach for plaintiffs’ use or to supervise in any manner the use by plaintiffs, and others similarly situated, either at no cost or at any cost. Any injunction of the defendant corporation from interference with the use by plaintiffs, and others similarly situated, will, of course, be limited to whatever use for boating, bathing and fishing is made in compliance with the provisions of articles 12 and 13 of the Public Health Law, the State Sanitary Code and the *771 Regulations of the Water Pollution Control Board adopted pursuant thereto. The defendant will be justified in interference with use attempted without such compliance. The defendant will also be enjoined from any attempt to open the lake to the public generally either gratis or for a fee.
The result will be that the defendant corporation will be enjoined from interference with legal use of the lake for boating, bathing and fishing by the plaintiffs, and others similarly situated, and from any attempt to admit the general public to the use of the lake, and the plaintiffs, on the other hand, will not be able to exercise their right unless they, or some responsible person or corporation for them, complies with the Public Health Law, the Sanitary Code and the Water Pollution Control Board Rules. In these circumstances, clearly, the only way any of the parties or the other lot owners will have any use of the lake will be by some co-operation among them all. If the defendant corporation should attempt to co-operate with the plaintiffs, and other lot owners similarly situated, and should join with them in an effort to obviate the legal obstacles in the way of plaintiffs’ enjoyment of their easement, it could, of course, ask them to bear no more than their proportionate share of the costs of any project or operation of that kind including, of course, the cost of future maintenance of the lake itself which, as has been said, is either wholly or in great part artificial.
Findings and judgment in accord herewith may be submitted at chambers, Poughkeepsie, New York. If defendants desire, they may submit proposed findings.